**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>LEHMAN BROTHERS HOLDINGS INC., *et al.*<br>　　　　　　　　　　Debtors. | Chapter 11<br>Case No. 08-13555 (JMP) |
| LEHMAN BROTHERS SPECIAL FINANCING INC.,<br>　　　　　　　　　　Plaintiff,<br>- against -<br>THE BANK OF NEW YORK MELLON<br>CORPORATION, *et al.*<br>　　　　　　　　　　Defendants. | Adversary Proceeding<br>Case No. 10-03545 (JMP) |
| DANTE FINANCE PLC MULTI-ISSUER SECURED<br>OBLIGATION PROGRAMME NOTEHOLDERS | Case No. 11-cv-2404 (BSJ) (JCF) |
| LIQUIDATORS OF LEHMAN BROTHERS<br>AUSTRALIA LIMITED,<br>　　　　　　　　　　Appellants,<br>-against-<br>LEHMAN BROTHERS SPECIAL FINANCING INC.,<br>　　　　　　　　　　Appellee. | Case No. 11-cv-2784 (BSJ) (JCF) |

**APPELLANTS DANTE NOTEHOLDERS' AND THE LIQUIDATORS OF LEHMAN**
**BROTHERS AUSTRALIA LIMITED'S OPPOSITION TO THE APPELLEE LEHMAN**
**BROTHERS SPECIAL FINANCING INC.'S MOTION TO DISMISS**

Andrew K. Glenn
Matthew B. Stein
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:　(212) 506-1700
Facsimile:　(212) 506-1800

*Counsel for the Dante Noteholders*

James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Eric F. Leon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:　　(212) 446-4800
Facsimile:　　(212) 446-4900

*Counsel for the Liquidators of Lehman*
*Brothers Australia Limited*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

BACKGROUND .................................................................................................3

ARGUMENT.....................................................................................................5

I.   THE DENIAL OF A MOTION TO INTERVENE IS A FINAL ORDER THAT
     IS IMMEDIATELY APPEALABLE. .................................................................5

II.  LBSF MISLEADINGLY CONFLATES THE LEGAL INQUIRY REGARDING
     INTERVENTION WITH THE OPERATION OF THE STAY ORDER .........................7

III. APPELLANTS' INTERVENTION MOTIONS ARE NOT SUBJECT TO THE
     STAY OF THE UNDERLYING ADVERSARY PROCEEDING. ...................................9

CONCLUSION.................................................................................................11

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Bridgeport Guardians Inc. v. Delmonte*,
    602 F.3d 469 (2d Cir. 2010) .......................................................................... 1, 6

*In re Bank of New York Derivative Litig.*,
    320 F.3d 291 (2d Cir. 2009) ............................................................................ 9

*New York News, Inc. v. Kheel*,
    972 F.2d 482 (2d Cir. 1992) ............................................................................ 6

*Pogliana v. U.S. Army Corps. of Engineers*,
    49 F.App'x. 327 (2d Cir. 2002) ...................................................................... 6

*Salim Oleochemicals v. M/V Shropshire*,
    278 F.3d 90 (2d Cir. 2002) .............................................................................. 7

*United States v. Peoples Benefit Life Ins. Co.*,
    271 F.3d 411 (2d Cir. 2001) ............................................................................ 6

**Statutes**

11 U.S.C. § 1109(b) ........................................................................................... 3, 8

28 U.S.C. § 158(a)(1) ........................................................................................ 6

Bankruptcy Rule 7024 ....................................................................... 1, 2, 3, 8

Fed. R. Civ. P. 24 ...................................................................................... passim

The Dante Noteholders, certain holders of notes issued in the Dante Finance PLC Multi-Issuer Secured Obligation Programme (collectively, the "Dante Noteholders"), and Stephen Parbery and Marcus Ayres[1], in their capacity as the court appointed liquidators of Lehman Brothers Australia Limited (the "Australia Liquidators") (with the Dante Noteholders, the "Appellants"), by and through their respective undersigned counsel, respectfully submit this memorandum in opposition to the motion (the "Motion to Dismiss") of Lehman Brothers Special Financing Inc. ("LBSF", or "Appellee") to dismiss the appeals of the Dante Noteholders and the Australia Liquidators seeking reversal of the order of the Bankruptcy Court, dated February 18, 2011 (the "Order") denying the Appellants' motions to intervene (the "Intervention Motions") in adversary proceeding No. 10-3545 (JMP) (the "Adversary Proceeding") pursuant to Bankruptcy Rules 7024(a) and 7024(b) (incorporating Fed. R. Civ. P. 24(a) and 24(b)).

## PRELIMINARY STATEMENT

Second Circuit jurisprudence is unequivocal that the denial of a motion to intervene, whether issued with or without prejudice, is a "final order" that is immediately appealable. *See Bridgeport Guardians Inc. v. Delmonte,* 602 F.3d 469 (2d Cir. 2010). Both the Dante Noteholders and the Australia Liquidators filed motions to intervene in this Adversary Proceeding, they briefed the merits of their Intervention Motions, LBSF opposed their Intervention Motions and, by Order dated February 18, 2011, Judge Peck denied their Intervention Motions. As such, the Dante Noteholders and Australia Liquidators are now rightfully before this Court for appellate review of Judge Peck's denial of their respective Intervention Motions.

---

[1]   On April 14, 2011, Marcus Ayres was appointed Liquidator to Lehman Brothers Australia Limited by the Federal Court of Australia, replacing Neil Singleton, who had resigned from this position on the same date.

Without even paying lip service to the Second Circuit jurisprudence holding that the denial of a request for intervention is a "final order," and therefore immediately appealable, LBSF now argues that Judge Peck's Order denying Appellants' Intervention Motions is somehow not appealable.   LBSF's argument rests upon an obvious and fundamental mischaracterization of this appeal.   Notwithstanding that Appellants are specifically and exclusively appealing the denial of their Intervention Motions, LBSF baldly asserts that this appeal is actually an "improper attempt to collaterally attack the Stay Order, which is itself an interlocutory order and one not before this Court on appeal." (Motion to Dismiss at 1.)  LBSF is wrong.

LBSF misleadingly conflates two entirely distinct legal issues:  (1) whether the Dante Noteholders and the Australia Liquidators have a right to intervene in the Adversary Proceeding; and (2) whether the Stay Order should be lifted so that the Adversary Proceeding may be litigated.  This second legal issue was not before the Bankruptcy Court, and is not the subject of the current appeals.   Indeed, the question of whether the Stay Order should be lifted after Appellants intervene has nothing to do with the threshold question of whether Appellants should be allowed to intervene.  To accept LBSF's position would mean that a Stay Order which, by its terms applies only to "parties" to the Adversary Proceeding, somehow prevents non-parties (such as Appellants) from seeking to become parties in the first place.  Such a result would eviscerate the right to intervene under Bankruptcy Rule 7024, and thus it comes as no surprise that LBSF does not cite a single case in support of its position.  Instead, the law is clear that the denial of a motion to intervene is immediately appealable, and no court has ever recognized an exception to this rule simply because the case in which intervention is sought is subject to a stay order.  Thus, Appellants respectfully submit that LBSF's Motion to Dismiss should be denied.

## BACKGROUND

On January 23 and 25, 2011, Dante Noteholders and Australia Liquidators, respectively, filed motions to intervene in this Adversary Proceeding pursuant to 11 U.S.C. § 1109(b) and Rule 24 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable to the proceeding by Rule 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[2]  In those Intervention Motions, Appellants sought to intervene in this Adversary Proceeding by right, pursuant to Bankruptcy Rules 7024(a)(1) and 7024(a)(2), as well as by permission of the court, pursuant to Bankruptcy Rule 7024(b).  On February 9, 2011, LBSF filed a single opposition to the Australia Liquidators' and Dante Noteholders' Intervention Motions, arguing that the Intervention Motions did not satisfy the legal requirements of Fed. R. Civ. P. 24.[3]  On February 14, 2011, the Australia Liquidators and Dante Noteholders each filed a reply in support of their motions.[4]  Judge Peck considered and denied both the Australia Liquidators' and Dante Noteholders' Intervention Motions during a February 16, 2011 hearing, and that ruling was incorporated into the formal Order dated February 18, 2011.[5]  Dante Noteholders and

---

[2]  *See* Motion of the Dante Noteholders to Intervene, Adv. Pro. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated January 23, 2011 [Adv. Proc. Docket No. 9] ("Dante Noteholders' Intervention Motion"); Motion of the Liquidators of Lehman Brothers Australia Limited Seeking to Intervene in the Adversary Proceeding Relating to Certain Swap Transactions, Adv. Pro. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated January 25, 2011 [Adv. Proc. Docket No. 11] ("Australia Liquidators' Intervention Motion," and together with Dante Noteholders' Intervention Motion, the "Intervention Motions").

[3]  *See* Plaintiff Lehman Brothers Special Financing Inc.'s Opposition to Motions of "Dante Noteholders" and the Liquidators of Lehman Brothers Australia Limited to Intervene, Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated Feb. 9, 2011 [Adv. Proc. Docket No. 13].

[4]  *See* The Liquidators of Lehman Brothers Australia Limited's Reply in Support of their Motion Seeking to Intervene in the Adversary Proceeding Relating to Certain Swap Transactions, Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated Feb. 14, 2011 [Adv. Proc. Docket No. 16] ("Australia Liquidators' Intervention Reply"); Reply in Support of the Motion of the Dante Noteholders to Intervene, Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated Feb. 14, 2011 [Adv. Proc. Docket No. 17].

[5]  *See* Order Denying Motions of the Dante Noteholders and the Liquidators of Lehman Brothers Australia Limited to Intervene, Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated Feb. 18, 2011 [Adv. Proc. Docket No. 19] (the "Order").

Australia Liquidators filed notices to appeal the Order denying their individual requests for intervention on February 25, 2011, and March 4, 2011, respectively.

The current Adversary Proceeding concerns the enforceability of certain payment-priority provisions contained in the notes and related swaps of a Lehman-orchestrated "Dante Programme."[6]  Pursuant to the Dante Programme, certain Lehman-generated special purpose vehicles (the "Issuers") issued series of credit-linked synthetic portfolio notes ("Notes") to investors (the "Noteholders"), including both the Lehman Australia estate and the Dante Noteholders.  The performance of the Notes is linked to various credit-default swap transactions (the "CDSs") that were executed between the various SPV Issuers and LBSF as swap counterparty, with Lehman Brothers Holdings Inc. ("LBHI") serving as guarantor to LBSF's obligations.  The trustee for each series of Notes (the "Trustee") is obligated to hold the principal from issuance of the Notes (or assets purchased with such principal) as collateral (the "Collateral") to secure *both* the Issuers' obligations to Noteholders under the Notes, as well as the Issuers' obligations to LBSF under the CDSs.  Generally, the Transactional Documents provided for the CDSs' counterparty—LBSF—to have a priority claim on the Collateral. However, upon the occurrence of certain events, such as a bankruptcy filing by either LBSF or LBHI, the swap counterparty's priority rights to the Collateral would become subordinated (or "flip") to that of the Noteholders.  Despite the clear contractual operation of the payment-priority provisions in the Dante Programme organizational documents, LBSF initiated this Adversary Proceeding seeking a declaration that the "flip" of payment priority from LBSF to the Noteholders violates the Bankruptcy Code's *ipso facto* provisions.  The Australia Liquidators and Dante Noteholders sought to intervene in this Adversary Proceeding because Noteholders in

---

6    *See* Complaint, Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated September 14, 2010 [Adv. Proc. Docket No. 1] (the "Complaint").

the Dante Programme (and not the Issuers or the Trustees, the named defendants to LBSF's Complaint) are the chief economic counterparty to LBSF on the question of whether the Dante Programme "flip clauses" are enforceable.

On September 14, 2010, a day after LBSF filed this Adversary Proceeding, LBSF sought the Bankruptcy Court's approval to stay the proceeding on the grounds that, *inter alia*, the Lehman U.S. estate may attempt to settle certain series of Dante Programme notes in lieu of active litigation.  The Bankruptcy Court accepted LBSF's request and adopted the Stay Order on October 20, 2011.[7]  It is this Stay Order that LBSF now attempts to interject into this current appeal.  Specifically, LBSF now attempts to characterize Dante Noteholders' and Australia Liquidators' Intervention Motions as requests for abrogation or modification of the Stay Order. But the Intervention Motions solely concern requests for intervention pursuant to Fed. R. Civ. P. 24 such that, once granted, Appellants would become subject to the Stay Order.  Those Intervention Motions were denied by the Bankruptcy Court and, therefore, Appellants are rightfully before this Court on appeal for review of the merits of their intervention applications.

## ARGUMENT

### I.    THE DENIAL OF A MOTION TO INTERVENE IS A FINAL ORDER THAT IS IMMEDIATELY APPEALABLE.

This Court has jurisdiction to hear appeals "from final judgments, order, and decrees," issued by a bankruptcy court.  28 U.S.C. § 158(a)(1).  Judge Peck's Order denying the Intervention Motions falls squarely within the scope of this Court's appellate jurisdiction.

---

[7]    *See* Notice of Entry of Order Staying Avoidance Actions and Granting Certain Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), Adv. Proc. Case No. 10-03545 (JMP), Ch. 11 Case No. 08-13555 (JMP), dated Oct. 29, 2010 [Adv. Proc. Docket No. 6] (the "Stay Order").  On a related note, Lehman sought, and the Bankruptcy Court approved, the establishment of certain alternative dispute resolution procedures with respect to the Dante Programme Notes and swaps.  *See* Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivative Transactions with Special Purpose Vehicle Counterparties, Ch. 11 Case No. 08-13555 (JMP), dated March 3, 2011 [Ch. 11 Docket No. 14789].

It is well-settled law in the Second Circuit that denial of a motion to intervene is a "final judgment or order" that is immediately appealable. *See Bridgeport Guardians Inc.,* 602 F.3d at 473 (finding the denial of intervention by the district court to be a "final order" for purposes of appellate review); *Pogliana v. U.S. Army Corps. of Engineers,* 49 F. App'x. 327, 330 (2d Cir. 2002) ("'it is settled law that this Court has jurisdiction over an order denying intervention.'" (quoting *United States v. Peoples Benefit Life Ins. Co.,* 271 F.3d 411, 413 (2d Cir. 2001)); *New York News, Inc. v. Kheel,* 972 F.2d 482, 485 (2d Cir. 1992) ("[b]ecause a district court's order denying intervention is a final order, we have appellate jurisdiction."). Further, orders denying intervention are a "final judgment[], order[], [or] decree" regardless of whether entered with or without prejudice. *See Pogliana,* 49 F. App'x. at 330 ("'dismissals [of motions for intervention] with and without prejudice are equally appealable as final orders.'" (quoting *Salim Oleochemicals v. M/V Shropshire,* 278 F.3d 90, 93 (2d Cir. 2002)). Therefore, Judge Peck's Order denying Appellants' requests for intervention without prejudice is a "final order" for purposes of 28 U.S.C. § 158(a)(1), and is therefore rightfully before this Court for appellate review.

Tellingly, LBSF never once cites or even considers this clear Second Circuit jurisprudence providing the Court with jurisdiction to hear the current appeals. Instead, LBSF attempts to obfuscate the legal issue by averring that the Intervention Motions were denied "on the grounds they violated the Stay Order," (Motion to Dismiss at 2) and constitute an "improper attempt to collaterally attack the Stay Order, which is itself an interlocutory order and one not before this Court on appeal." (Motion to Dismiss at 1.) As discussed in detail below, LBSF's theory for stripping this Court of appellate jurisdiction is entirely misplaced.

6

## II.  LBSF MISLEADINGLY CONFLATES THE LEGAL INQUIRY REGARDING INTERVENTION WITH THE OPERATION OF THE STAY ORDER.

LBSF's Motion to Dismiss conflates and confuses the applicable legal inquiry at issue in these appeals as a last-ditch effort to make these appeals about the operation of the Stay Order, rather than simple requests for intervention in this Adversary Proceeding.  First, LBSF mischaracterizes Appellants' requested relief.  Second, LBSF avoids the simple fact that the legal requirements for obtaining intervention by right or by permission of the Court are in no way implicated by the Stay Order.

LBSF mischaracterizes Appellants' requests for intervention as "designed to seek to force the Bankruptcy Court to lift the Stay Order to permit Appellants [Australia Liquidators and Dante Noteholders] to intervene and engage in full-blown litigation."  (Motion to Dismiss at 2.) Not so.  Appellants' requests for intervention are just that—requests for intervention.  If and when those requests are granted, Appellants intend to ask the Bankruptcy Court to lift the Stay Order.  But that is irrelevant to the predicate question of whether Appellants satisfy the statutory requirements for intervention.

In its Motion to Dismiss, LBSF spends pages extolling the virtues of the Stay Order and the related alternative dispute resolution procedures.  *See*, *e.g.,* Motion to Dismiss at 2, 5.  But that is an issue for another day.  Appellants readily acknowledge that if they are granted intervenor status in the Adversary Proceeding, they will immediately become subject to the terms of the Stay Order.  Indeed, the Australia Liquidators and Dante Noteholders candidly informed the Bankruptcy Court that they were seeking to intervene specifically so that they could then challenge the Stay Order.  *See, e.g.*, Australia Liquidators' Intervention Motion at ¶ 32 ("Liquidators of LB Australia seek an order permitting them to intervene in the September 14 Adversary Proceeding, such that it *may then* seek to lift the stay on the adversary proceeding and

push for an expeditious ruling on [the] Flip Clauses dispute." (emphasis added)); Feb. 16, 2001 Hr'g Tr. at 112:11-13 (during oral argument, counsel for the Dante Noteholders explained that "all we seek is to become parties to [the Adversary Proceeding], and *then* we'll obviously have to deal with the stay order." (emphasis added)).  But the Bankruptcy Court (and LBSF) cannot rely on the Stay Order as a basis for denying Appellants' Intervention Motions.

Appellants' requests for intervention are premised solely upon the provisions of Fed. R. Civ. P. 24, incorporated by Bankruptcy Rule 7024 for purposes of this Adversary Proceeding, and the only pertinent legal inquiry is whether Appellants have satisfied those provisions.  As spelled out in detail in their Intervention Motions, Fed. R. Civ. P. 24(a)(1) provides that a movant may intervene if "given an unconditional right to intervene by a federal statute."   Here, Dante Noteholders and Australia Liquidators have such a statutory right pursuant to 11 U.S.C. § 1109(b), which provides that "a party in interest…may raise and may appear and be heard on any issue in a case under this chapter."  LBSF provides no argument, nor can they, that the issue of whether Appellants are a "party in interest" is in any way affected by the Stay Order in the Adversary Proceeding.  This is also true of Fed. R. Civ. P. 24(a)(2), which provides that a movant may intervene in a proceeding if they "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2009) (citing *Kheel*, 972 F.2d at 485).[8] Again, LBSF can provide no argument that this legal standard is at all affected by the imposition of the Stay Order in this Adversary Proceeding.  Simply stated, that Stay Order has no impact on

---

[8]   Appellants' Intervention Motions also sought intervention pursuant to Fed. R. Civ. P. 24(b), that is, by permission of the court.  In this jurisdiction, a request for permissive intervention generally includes the same legal inquiry as a request for mandatory intervention pursuant to Fed. R. Civ. P. 24(a)(2).  *See In re Bank of New York*, 320 F.3d at 300 n. 5.  As such, the Stay Order cannot and does not affect the legal inquiry under Fed. R. Civ. P. 24(b).

the legal question of whether Appellants are entitled to intervene in this Adversary Proceeding. To the extent that Judge Peck's denial of the Intervention Motions was based on the terms of the Stay Order, *see* Motion to Dismiss at 2 ("Judge Peck denied Appellants' motions to intervene without reaching the merits of Appellants' arguments on the grounds that they violated the Stay Order"), that only serves to confirm that Judged Peck failed to properly apply the statutory framework of Fed. R. Civ. P. 24 and thus, as will be explained in Appellants' brief on appeal, his decision denying intervention should be reversed.

## III.   APPELLANTS' INTERVENTION MOTIONS ARE NOT SUBJECT TO THE STAY OF THE UNDERLYING ADVERSARY PROCEEDING.

Even at the threshold, the Stay Order entered in this Adversary Proceeding does not concern non-parties like the Dante Noteholders and the Australia Liquidators, who seek here only to be granted intervenor status.  However, LBSF illogically seeks to characterize the Stay Order's language that "all motion practice and contested hearings are prohibited," as including, and thus outright forbidding, requests for intervention by non-parties.  *See* Motion to Dismiss at 5.  LBSF further points to language in the Stay Order stating that the stay may only be lifted by (i) Debtors, in consultation with the Creditors' Committee, or a party authorized by Judge Peck to prosecute an avoidance action on behalf of Debtors, or (ii) "the [Bankruptcy] Court for good cause shown upon an application by an Avoidance Action Defendant [i.e. parties named in LBSF's Adversary Proceeding Complaint] and after notice and a hearing with an opportunity to respond by Debtors and the Creditors' Committee."  *See* Motion to Dismiss at 5 (citations omitted).  LBSF's terse interpretation of the Stay Order would thus present a catch-22 for any non-parties significantly affected by the Adversary Proceeding, including Noteholders (such as Australia Liquidators and Dante Noteholders) who are the chief economic counterpart to LBSF in resolution of the Adversary Proceeding.  LBSF's reading of the Stay Order amounts to the

proposition that would-be-intervenors cannot intervene in the Adversary Proceeding because of the Stay Order, but would-be-intervenors cannot challenge the Stay Order because they are not a party to the Adversary Proceeding.  If LBSF's argument is correct, it means that no third-party could ever intervene in this Adversary Proceeding as long as the Stay Order is in place, which would entirely eviscerate the protections afforded a "party in interest" under Section 1109(b) of the Bankruptcy Code.

LBSF's reliance on a terse reading of the Stay Order is all the more suspect because Australia Liquidators were never served or otherwise notified of LBSF's request for a stay in this Adversary Proceeding, and thus had no opportunity to object to the terms of the Stay Order before it was entered by the Bankruptcy Court.  In fact, LBSF was under an affirmative obligation to notify Australia Liquidators in advance of submitting any pleading that could affect its foreign affiliates, including the Lehman Australia estate, and yet LBSF failed to do so.[9] Despite failing to even appraise Australia Liquidators of its stay request, LBSF now attempts to read the Stay Order as forbidding Australia Liquidators from even requesting intervenor status in an Adversary Proceeding to which the Lehman Australia estate is directly and significantly impacted.  This cannot be the right result.

---

[9]   *See* Australia Liquidators' Intervention Reply at 4-5, citing the Cross-Border Insolvency Protocol for the Lehman Brothers Group of Companies, dated May 12, 2009.

## **CONCLUSION**

WHEREFORE, the Dante Noteholders and the Australia Liquidators respectfully request that this Court reject the arguments contained in LBSF's Motion to Dismiss and deny the relief requested therein.

Dated: New York, New York
      May 23, 2011


/s/  Eric F. Leon_____
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Eric F. Leon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

*Counsel for the Liquidators of Lehman Brothers
Australia Limited*

Andrew K. Glenn
Matthew B. Stein
KASOWITZ, BENSON, TORRES &
FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:     (212) 506-1700
Facsimile:      (212) 506-1800

*Counsel for the Dante Noteholders*