767 Fifth Avenue
New York, NY 10153-01
+1 212 310 8000 tel
+1 212 310 8007 fax

RECEIVED
MAY 24 2011
CHAMBERS OF
COLLEEN McMAHON

**Weil, Gotshal & Manges LLP**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED 5/25/11

Richard W. Slack
+ 212 305-8017
richard.slack@weil.com

5/24/201

*[Handwritten note:] I have spoken with Judge Jones. She has asked me to take the matter off her hands pursuant to our local Rule 7 [?] that allows judges to transfer cases. If you are correct on the merits, I will happily rule in your favor.*

May 24, 2011

BY FACSIMILE

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, et al.*, Case Nos. 11-cv-02404-BSJ, 11-cv-02784-BSJ.

Dear Judge McMahon,

**MEMO ENDORSED**

We were served this afternoon with letters delivered to Your Honor yesterday by Andrew Glenn and Eric Leon on behalf of Appellants in the above-referenced matter, despite the Court's individual practice requiring that copies of letters to the Court be delivered "simultaneously to all counsel." *See* Individual Practices of J. McMahon 1(A).

As the letter by Mr. Glenn points out, this is the second attempt by Appellants to have these appeals moved to Your Honor's Court. The first attempt was apparently rejected by Judge Jones, but Appellants contend based on some communication to which Appellees were not a party that Judge Jones invited another application be made to Your Honor. The docket for Case No. 11-cv-02784-BSJ actually contains a notation showing that case was "accepted as related" to Case No. 11-cv-02404-BSJ and includes an order on May 12, 2011 assigning the case to Judge Barbara Jones and designating Magistrate Judge James Francis as magistrate. Notwithstanding the violation of the Court's rules regarding service and the puzzling suggestion by counsel regarding some communication by Judge Jones, we write on behalf of Lehman Brothers Special Financing Inc. ("LBSF") simply to correct a number of inaccuracies contained in Mr. Glenn's letter.

First, these appeals are *not* related to the separate bankruptcy appeal in *Lehman Brothers Special Financing Inc. v. BNY Corporate Trustee Services Limited*, Case No. M47 (the "Perpetual Appeal"), which was previously pending before Your Honor, but dismissed in the Bankruptcy Court in December 2010 after the parties to that case settled their dispute. The Perpetual case involved distinct parties, transactions, and legal issues. The instant appeals involve the purely procedural issue of whether different noteholders in different transactions may intervene in an entirely separate adversary proceeding that is currently stayed by the Bankruptcy Court until July 2011.

The Honorable Colleen McMahon  
May 24, 2011  
Page 2

**Weil, Gotshal & Manges LLP**

Second, neither the Bankruptcy Court in the instant cases nor this Court in the Perpetual appeal considered the merits of the respective cases. The Bankruptcy Court in the instant cases denied Appellants' motions to intervene without considering the merits of intervention and without prejudice to Appellants' right to move to intervene at a later date when the stay of the underlying adversary proceeding has expired. The Bankruptcy Court has not received, much less considered, briefing on the merits of the underlying adversary proceeding given the stay of all motion practice in the case. In the Perpetual Appeal, this Court granted the trustee's motion for leave to appeal, but did not reach the merits of that appeal before it was settled and dismissed.

Finally, Mr. Glenn states that if his clients are permitted to intervene, they "intend to seek immediate appellate review of the Bankruptcy Court's decision in the Perpetual matter." As a procedural matter, Appellants in the underlying adversary proceeding in this case cannot intervene to resurrect a dismissed appeal in an entirely separate adversary proceeding. The appeals in this case merely address Appellants' rights to intervene in the stayed adversary proceeding below. Once that issue is determined, the case must proceed in the Bankruptcy Court before any decision on the merits of LBSF's complaint can be made, whether on summary judgment or otherwise. Only then may Appellants —should they succeed in intervening—appeal the merits of whatever decision is reached by the Bankruptcy Court.

Respectfully submitted,

*Richard W. Slack*

Richard W. Slack

cc: Honorable Barbara S. Jones  
Andrew K. Glenn  
Eric F. Leon  
Ralph I. Miller  
Peter Gruenberger  
Jacqueline Marcus